No. 65578.—Rohner Gehrig & Co., Inc., and The Graber Company et al. *v.* United States, protests 60/9036, etc. (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of brass pole rings similar in all material respects to those the subject of *Kroder Reubel Co., Inc., et al.* v. *United States* (44 Cust. Ct. 274, C.D. 2186), the claim of the plaintiffs was sustained.

No. 65579.—I. Kalfus Co., Inc. *v.* United States, protests 60/23515 and 60/23518 (New York).

Opinion by LAWRENCE, J.   From a review of the record in these cases, the court found nothing tending in any way to overcome the presumption of correctness attaching to the classification by the collector.   The protests were, therefore, overruled.

No. 65580.—Rohner Gehrig & Co., Inc. *v.* United States, protest 60/23522 (New York).

Opinion by LAWRENCE, J.   From a review of the record in this case, the court found nothing tending in any way to overcome the presumption of correctness attaching to the classification by the collector.   The protest was, therefore, overruled.

No. 65581.—Davies Turner & Co. and Mr. S. Epps et al. *v.* United States, protests 149759–K, etc. (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that the items marked "B" consist of candlesticks and candelabras similar in all material respects to those the subject of Abstract 62036, except that they are not plated with platinum, gold, or silver, nor colored with gold lacquer, the claim at 35 percent under the provision in paragraph 397, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), for articles, not specially provided for, plated with silver on metals other than nickel silver or copper, but not in chief value of silver, was sustained.   The items marked "C," stipulated to be the same as those involved in said Abstract 62036, were held dutiable at 25 percent under the provision in said paragraph 397, as modified, *supra,* for articles, not specially provided for, plated with silver on nickel silver or copper, but not in chief value of silver, as claimed.

No. 65582.—L. Bamberger & Co. *v.* United States, protests 156151–K, 178133–K, and 178134–K (New York).